[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is a breach of contract action brought by the plaintiff with a counter-claim for damages by the defendant. From the totality of the evidence the court finds that the parties agreed to a purchase by plaintiff of defendant's chiropractic practice, but subject to a formal agreement to be prepared by the attorneys for each. The latter was never done by the attorneys, but in the meantime the parties orally agreed to practice together on an equal basis commencing January 1, 1993, sharing equally the income and expenses until a formal agreement was executed. By the end of June 1993 with no formal written agreement of purchase even prepared much less executed despite repeated requests by the plaintiff for a written agreement, she terminated the partnership. The court finds that there was no breach of a written contract to purchase, the conditions precedent to such contract not having been fulfilled. There was, however, an oral agreement as described above to practice together with each sharing equally the income and expenses until such time as the written agreement was executed. Accordingly, the issue for the court to decide at this point is the damages resulting from said practice for the first six months of 1993; i.e. distributing the income and expenses in accordance with the oral agreement.
The court finds that both the plaintiff and the defendant were honest and credible witnesses although, perhaps, mistaken at CT Page 1965 times.
Based upon the totality of and a preponderance of the evidence, the court finds as follows:
 1. The total bills rendered for the subject period is $269,034.21 and the total payments thereon is $190,498.31 leaving accounts receivable of $78,535.90. This is undisputed by the parties.
 2. The business expenses from the two joint accounts total $121,326.90, which is also undisputed, leaving a net profit of $69,171.41 ($190,498.31 income received less $121,326.90 in paid expenses).
 3. The defendant claims (Exhibit 4) payment from his personal account of $62,845.61, which amount is in dispute. After a review of Exhibit 4 and the testimony of the parties, the court has concluded that this amount should be reduced by $4,907.75 per Schedule A attached hereto, leaving a balance paid by the defendant as aforesaid of $57,937.86. The defendant is not entitled to deduct payments for capital improvements which remain with him. As to the larger items, payments to SNET and the IRS, the court finds that the defendant has proven by a preponderance of the evidence, i.e. more likely than not, that these payments are properly attributable to the partnership and are included in the $57,937.86. However, the defendant is entitled to a credit of only 50% thereof representing the 50% he paid out on behalf of the plaintiff, or $28,968.93. He is responsible for the other half of these totaled expenses.
 4. A 50% division of the net profit of $69,171.41 entitles each party to $34,585.70. From plaintiff's share should be deducted the $28,968.93 to be credited to the defendant.
 Plaintiff $34,585.70 Less credit to defendant 28,968.93 --------- Balance due plaintiff $ 5,616.77
Plaintiff paid joint expenses personally of $1,045.54 to which she is entitled to the one-half that she paid on defendant's behalf, or $522.77. CT Page 1966
 $ 5,616.77 Plus 522.77 -------- $ 6,139.54
Plaintiff is also entitled to a return of her net capital investment of $600 plus a return of her $5,000 deposit. It is the responsibility of the defendant to obtain the deposit from the broker since he is his agent. Defendant is entitled to be reimbursed for his capital contribution or loan of $10,000.
 $ 6,139.54 Plus 600.00 capital investment/loan -------- 6,739.54 Plus 5,000.00 deposit -------- 11,739.54 Less 10,000.00 credit to dft. for --------- capital contribution or loan Balance $ 1,739.54
Accordingly, judgment is entered for the plaintiff in the amount of $1,739.54 on the complaint and judgment is entered for the plaintiff on the counter-claim.
As for the accounts receivable of $78,535.90, the court agrees that the amount which will be collected is too speculative. Accordingly, as per defendant's suggestion, he is ordered to assign these accounts receivable to the plaintiff (Exhibit M) with all the pertinent records thereof forthwith on condition that the plaintiff remit to him 50% of all amounts collected after deduction of collection expenses. Both parties are to co-operate with each other in this regard. Plaintiff and defendant are to keep records of amounts received and sources thereof; i.e. if payments are made to defendant, he is to turn them over to plaintiff. Upon request each party shall promptly furnish their records concerning these receivables to each other. Plaintiff may make claim in her name or in the name of the Wethersfield Chiropractic Clinic.
Rittenband, J. CT Page 1967
SCHEDULE A
Amounts paid by defendant from personal account: $62,845.61
Less: 1. Donald West (for 1992) $ 87.78
 2. Chris Haberli-(vacation 400.00 related to 1992)
3. Linda Butkowsky 200.00
 4. Dave Boston 202.00 (capital improvement prior to '93)
 5. Tim Grose (capital 535.72 improvement)
 6. John Butkowsky 1,000.00 (allowed 1 payment)
 7. Computer works 2,482.25 (capital improvement -------- -------- defendant retains) $4,907.75 4,907.75 ======== $57,937.86